FILED'08 MAY 21 11:59 USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PETER A. KING,                                  Civil No. 06-879-PA

       Petitioner,                          OPINION AND ORDER

   v.

JEAN HILL,

       Respondent.


NOEL GREFENSON
Attorney at Law
1415 Liverty Street South
Salem, OR  97302

       Attorney for Petitioner

HARDY MYERS
Attorney General
JONATHAN W. DIEHL
Assistant Attorney General
Oregon Department of Justice
1162 Court Street, NE
Salem, OR  97301

       Attorneys for Respondent

1 - OPINION AND ORDER -

PANNER, District Judge.

Petitioner brings this habeas corpus action pursuant to 28 U.S.C. § 2254. He challenges the imposition of consecutive sentences on the basis that he was the victim of ineffective assistance of counsel. For the reasons set forth below, the Amended Petition for Writ of Habeas Corpus (#31) is DENIED, and this proceeding dismissed with prejudice.

## BACKGROUND

On June 14, 2001, Petitioner was charged with armed bank robbery in United States District Court. (Petr.'s Mem., docket #26, 1.) The federal complaint was later dismissed and Petitioner was prosecuted in state court.[1] (Id., 2.) In May 2002, Petitioner pled guilty to all counts of an indictment charging Robbery in the First Degree with a Firearm (Counts 1 and 2), Robbery in the Second Degree (Counts 3, 4, 5 and 6) and Felon in Possession of a Firearm (Count 7.) (Respt.'s Ex. 103; Petr.'s Ex. 7.) The indictment specified two victims: one victim was identified in Counts 1, 3, and 5, and a second victim was identified in Counts 2, 4, and 6. (Id.)

On June 21, 2002, Petitioner was sentenced, on Count 1, to 90

---

[1] The court notes Petitioner's Amended Petition for Writ of Habeas Corpus, (docket #31), incorrectly states Petitioner was indicted on November 1, 1996. Petitioner was first indicted in State court on Counts 1-6 on June 28, 2001. (Respt.'s Ex. 102). Count 7 was added to a reindictment dated April 19, 2002. (**Petr.'s Ex. 1.**)

2 - OPINION AND ORDER -

months in prison under Oregon's mandatory minimum sentencing law and, on Count 2, to 90 months in prison under Oregon's mandatory minimum sentencing law with 50 months to run concurrent to Count 1 and 40 months to run consecutive to Count 1 for a total of 130 months imprisonment. (Respt.'s Ex. 104, Part II, 37-40.) The trial court also imposed concurrent 70-month sentences on Count 3 and Count 4, merging Count 5 with Count 3 and Count 6 with Count 4, and to a concurrent 18-months on Count 7. (Id.) Petitioner did not directly appeal his conviction.

Petitioner filed for post-conviction relief ("PCR") raising 20 assignments of error, including, as claim #1, ineffective assistance of trial counsel for failing to object to consecutive sentencing. (Respt.'s Ex. 105, 2.) The PCR trial court denied relief, (Respt.'s Ex. 115), and the Oregon Court of Appeals summarily affirmed. (Respt.'s Ex. 119.) The Oregon Supreme Court then denied review. (Respt.'s Ex. 121.)

On January 30, 2008, Petitioner filed an Amended Petition for Writ of Habeas Corpus raising one claim of ineffective assistance of trial counsel. Respondent contends relief should be denied because the State PCR court's decision was not contrary to or an unreasonable application of *Strickland v. Washington*, 466 U.S. 668 (1984). (Response to Amended Petition, docket #32, 4.) I agree.

/ / /

3 - OPINION AND ORDER -

## DISCUSSION

**A.   Standards and Scope of Review under § 2254.**

The standard of review applicable to habeas corpus petitions on behalf of a person in custody pursuant to the judgment of a state court is set out in 28 U.S.C. § 2254 (d):

> An application [ ] shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

In *Williams v. Taylor*, 529 U.S. 362, 386-89 (2000), the Supreme Court construed this provision as requiring federal habeas courts to be highly deferential to the state court decisions under review.

"'Clearly established Federal law' is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Lambert v. Blodgett*, 393 F.3d 943, 974 (9th Cir. 2004) *cert. denied*, 126 S. Ct. 484 (2005). A state court decision is "contrary to" clearly established Federal law if it is "in conflict with", "opposite to" or "diametrically different from" Supreme Court precedent. *Williams*, 529 U.S. at 388.

An "unreasonable application" of clearly established federal law occurs when "the state court identifies the correct governing

4 - OPINION AND ORDER -

legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Lambert*, 393 F.3d at 974 (citing *Williams*). "The state court's application of . . . law must be *objectively unreasonable*." *Williams*, 529 U.S. at 411 (emphasis added). "Under § 2254(d)(1)'s 'unreasonable application' clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the state court decision applied clearly established federal law erroneously or incorrectly." *Id.*

When a state court does not supply the reasoning for its decision, a federal court does an independent review of the record to determine whether the state court decision was objectively unreasonable. *Delgado v. Lewis*, 223 F.3d 976, 982 (9th Cir. 2000), *overruled on other grounds by Lockyer v. Andrade*, 538 U.S. 63, 75-76 (2003). "Independent review of the record is not *de novo* review of the constitutional issue, but rather, the only method by which [the federal court] can determine whether a silent state court decision is objectively unreasonable." *Himes v. Thompson*, 336 F.3d 848, 853 (9th Cir. 2003). If the federal court does not find that the state court decision was objectively unreasonable, deference is given to the state court decision and habeas relief is denied. *Delgado*, 223 F.3d at 981-82; *Pirtle v. Morgan*, 313 F.3d 1160, 1167 (9th Cir. 2002); *see also Williams*, 529 U.S. at 386-89.

Here, the state PCR trial court decision states only that

5 - OPINION AND ORDER -

Petitioner failed to establish the allegations of his petition. (Respt.'s Ex. 115.) An independent review of the record by this court is to determine whether the PCR court was objectively unreasonable, under governing law, in denying Petitioner's claim of ineffective assistance of counsel.

**B.   Ineffective Assistance of Counsel.**

The principles articulated in *Strickland v. Washington*, 466 U.S. 668 (1984), govern claims of ineffective assistance of counsel. A claim of ineffective assistance of counsel requires the petitioner to prove that counsel's performance fell below an objective standard of reasonableness and that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Bell v. Cone*, 535 U.S. 685, 695 (2002); *Williams*, 529 U.S. at 390-91; *Strickland*, 466 U.S. at 687-88. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland* at 694. "Not every error that conceivably could have influenced the outcome undermines the reliability of the results of the proceeding." *Id.* at 693. Furthermore, "[j]udicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689. The reasonableness of counsel's conduct must be evaluated in light of the facts of the case and the circumstances at the time of representation. *Id.* at 690.

/ / /

6 - OPINION AND ORDER -

C.  **The Merits.**

Petitioner alleges trial counsel was ineffective for not objecting to consecutive sentences imposed after he pleaded guilty to all charges in state court. To succeed on this claim in the PCR trial court, Petitioner had to show that trial counsel's failure to object to consecutive sentencing fell below an objective standard of reasonableness and that he was prejudiced as a result. *Strickland*, 466 U.S. at 687. The state PCR court held Petitioner failed to establish the allegations of his claim and denied relief. (Respt.'s Ex. 115.) After an independent review of the record, I do not find the PCR trial court's decision to be contrary to or an unreasonable application of *Strickland*.

In his PCR trial memorandum, Petitioner argued he "believes that the trial court is required to make findings pursuant to *State v. Racicot*, 106 Or.App. 557, 809 P.2d 726 (1991)," (Petr.'s Ex. 19, 12), and "believes there is no evidence in the record of this case to support the trial courts findings authorizing a consecutive sentence under ORS 137.123." (Petr.'s Ex. 19, 14.) *Racicot* held that "under O.R.S. 137.124(4) the sentencing court must still *find* that a consecutive sentence is authorized.[2] 106 Or.App. at 560.

In support of his argument Petitioner quoted *Racicot*, Or. Rev. Stat. § 137.123, and law related to standards of appellate review in Oregon, but Petitioner did not present evidence showing

---

[2]Or. Rev. Stat. §137.123(4) was renumbered 137.123(5) in 1995.

7 - OPINION AND ORDER -

counsel's representation was deficient or that there was a reasonable probability that sentencing would have been different had an objection to consecutive sentences been made. Here, Petitioner notes the affidavits trial counsel submitted to the PCR court in response to his claims did not address the consecutive sentences claim, (Petr.'s Brief, docket #26, 9), but that does not show trial counsel was deficient in not objecting to consecutive sentences.

In any event, Oregon law provides for consecutive sentences for crimes against different victims. Under the Oregon Constitution, "[n]o law shall limit a court's authority to sentence a criminal defendant consecutively for crimes against different victims[,]" Or. Const. art. I, § 44(1)(b) (1999), and Or. Rev. Stat. § 137.123(5) specifies:

> (5) **The court has discretion to impose consecutive terms of imprisonment for separate convictions arising out of a continuous and uninterrupted course of conduct only if the court finds:**
>
>> (b) **The criminal offense for which a consecutive sentence is contemplated** caused or created a risk of causing greater or qualitatively different loss, injury or harm to the victim or **caused or created a risk of causing loss, injury or harm to a different victim** than was caused or threatened by the other offense or offenses committed during a continuous and uninterrupted course of conduct.

(Emphasis added.)

Petitioner's indictment named one victim in Counts 1, 3, and

8 - OPINION AND ORDER -

5, and named a different victim in Counts 2, 4, and 6. In the plea proceeding, for each count, the judge identified the victim by name and asked Petitioner if the named person was a victim of the crime. Petitioner responded "Yes" for victim one as to Counts 1, 3, and 5, and "Yes" for victim two as to Counts 2, 4, and 6. (Respt.'s Ex. 104, Part I, 16; 18-19.) The record is thus clear that there were two different victims, and Petitioner pled guilty to all counts. Accordingly, under Oregon law, consecutive sentences were permissible and trial counsel could reasonably not object to them.

Petitioner argues that under Or. Rev. Stat. § 137.123 the sentencing judge had to make findings on the record to justify consecutive sentences. Even assuming that the statute requires findings in addition to Petitioner's acknowledgment on the record that there were different victims, at sentencing the judge included the effects of Petitioner's actions on the two victims in the factors he was taking into consideration.[3] (Respt.'s Ex. 104, Part II, 23-37.) Thus, the sentencing court did make findings to justify consecutive sentences. See Snodgrass v. Lampert, 210 Or.App. 390, 397, 150 P.3d 1109 (2007) (although the court's findings "were not couched in terms of ORS 137.123(5)(b)", they could be understood to address the requirements of the statute).

Because Petitioner did not show the PCR court that counsel's

---

[3]Each victim had, in fact, made a statement regarding the impact of Petitioner's actions on them, on their families, and on their co-workers. (Respt.'s Ex. 104, Part II, 10-11.)

9 - OPINION AND ORDER -

failure to object to consecutive sentences fell below an object standard of reasonableness, or that an objection would have changed the sentence imposed, the PCR trial court decision to deny relief was neither contrary to, nor an unreasonable application of clearly established federal law.

## CONCLUSION

For the reasons stated above, the Amended Petition for Writ of Habeas Corpus (#31) is DENIED and this proceeding DISMISSED with prejudice.

DATED this 21 day of May, 2008.

Owen M. Panner
United States District Judge

10 - OPINION AND ORDER -